■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA GONZALES, Appellant.—Judgment unanimously affirmed. Memorandum: On her appeal from a judgment convicting her of criminal sale and possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, defendant argues that the verdict was against the weight of the evidence. She contends that the officer's identification testimony was unworthy of belief and that the description he gave of the person who sold the drugs more closely fits that of defendant's mother. We disagree. The officer positively identified defendant as the person who sold him the cocaine. Although some of the physical characteristics he described might also fit defendant's mother, it is significant that, immediately after the sale, he estimated the age of the seller as between 20 and 25 years old. Defendant was 27 years old and her mother was 54 years old. Moreover, the officer testified that he saw defendant's mother after the drug sale and that she was not the person who sold him the cocaine.

Defendant also contends that misconduct by the prosecutor during his cross-examination of her, as well as during summation, deprived her of a fair trial. The prosecutor's questions to defendant eliciting the fact that she owned a car, a TV, a stereo, etc., were improper, but counsel's objection to the relevancy of that line of questioning was sustained and no further instructions were requested. Many of the prosecutor's remarks were improper, particularly his denigration of the defense *(see, People v Colon,* 172 AD2d 173, 175, *affd* 78 NY2d 998) and his multiple references to society's drug problem. However, the court gave extensive curative instructions to the jury, reminding them that what was said in the summations was not evidence, and that they were not bound to accept the attorneys' arguments or the manner in which the attorneys characterized the evidence. Consequently, the prosecutor's improper conduct did not deprive defendant of a fair trial.

Defendant's remaining arguments are either unpreserved or without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Boehm, Davis and Doerr, JJ.